Submitted on motion to recall mandate October 7, motion allowed and corrected mandate directed October 22, 1929. (For opinion on the merits, see *ante*, p. 64.)

## NEWBERG *v.* WARREN CONSTRUCTION COMPANY ET AL.

### (281 Pac. 1119.)

For appellant, *Mr. F. B. Layman,* City Attorney.

For respondent Warren Construction Company, *Messrs. Teal, Winfree, McCulloch & Shuler, Messrs. Wood, Montague & Matthiessen* and *Mr. Clarence Butt.*

For respondent C. L. Philliber, *Mr. Leo J. Hanley.*

BELT, J.—Respondents move to recall the mandate issued herein and to strike therefrom the following sentence: "After such application of the proceeds there shall be no liability against the city as a debtor." Error is confessed. The purpose of the suit was to have the property described in the complaint decreed to be held in trust by the city. It was not to retire *in toto* warrants held by respondents. Appellants concede that all real property assessed was not included in this suit. If it be true that the city holds other property in trust, the respondents are certainly entitled to the benefit of any money received by virtue of the sale thereof or the rents and profits accrued.

The motion to recall the mandate is allowed and the objectionable language, which was also in the original opinion, will be stricken. It is not deemed necessary to grant a rehearing in order to cure this error.

We see no merit in the second point urged in motion to recall mandate.

Let another mandate issue.

MOTION TO RECALL MANDATE ALLOWED.